## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICIA WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. |
| | ) | |
| CATHOLIC CEMETERIES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### Parties

1.    Plaintiff Patricia Ward is, and at all times relevant hereto was, a resident of Dagsboro, Delaware.

2.    Defendant Catholic Cemeteries, Inc. is a Delaware corporation whose agent for service of process is Rev. Msgr. Joseph F. Rebman of 6001 Kirkwood Highway, Wilmington, Delaware 19808.

### Jurisdiction

3.    The United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under 42 U.S.C. § 2000e-1 et. seq. (Title VII anti-discrimination statute) and 28 U.S.C. §§ 1331 and 1343, and under the principles of ancillary and pendent jurisdiction as well as the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

ORIGINAL

## Facts

4.    Plaintiff Patricia Ward was an employee of defendant Catholic Cemeteries, Inc. at the Gate of Heaven Cemetery in Dagsboro, Delaware, working as an office coordinator beginning on or about January 28, 2003, and continuing until her termination on or about September 25, 2006.

5.    Ms. Ward is not a member of the Catholic religion, a fact of which she believes that her supervisor, Mark Christian, was not aware at the time he hired her.

6.    Ms. Ward originally applied for the job at Gate of Heaven Cemetery in response to an advertisement that appeared in a Catholic bulletin circulated in the Diocese, and given to her by a friend; on information and belief, this is the only publication in which the job was advertised.

7.    Ms.Ward was told at or around the time of her hire by Rita Crozier in the defendant's Wilmington office that her supervisor, the aforesaid Mr. Christian, would not be happy about her non-Catholic status; Ms. Ward believes that Mr. Christian's religious-based bias against her was shared by defendant's Human Resources director, Sister Suzanne Donovan.

8.    Ms. Ward had received outstanding performance reviews throughout her tenure at Catholic Cemeteries, Inc., with virtually no negative feedback with regard to her ability to do the job properly.

9.    Ms. Ward was told, in the letter terminating her (signed by Mr. Christian), that the reason for her termination was a fall-off in revenue and sales.

10.    On information and belief, and based upon her knowledge and understanding of the business condition of the Gate of Heaven Cemetery, Ms. Ward asserts that a fall-off in

revenue and sales was not the true reason for her termination, but rather a pretext for religious and gender discrimination.

11.     No warning or probationary period was afforded to Ms. Ward prior to her termination, in contrast to warnings provided to male employees, including Nick Hoopes, Harold Cole, Brian Gagnon, Sean Suter, and others.

12.     Ms. Ward suffered hostile and discriminatory treatment from her supervisor, Nick Hoopes, and from Mr. Christian, based upon her gender and religion.

13.     The negative bias of Mr. Christian and Mr. Hoopes towards women was further demonstrated in the manner in which the hiring of a gatekeeper for the cemetery was handled, wherein a male was hired (five of six applicants were female) when the ideal candidate was obviously a woman who lived across the street from the cemetery; Mr. Hoopes at that time commented that neither he nor Mr. Christian would consider a woman for the position.

14.     Between September 15 to 18, 2006, tension in the Gate of Heaven Cemetery office over the manner in which paychecks were to be disbursed and then over the manner in which a particular gravesite was administered (relating to a memorial photo attached to the grave) resulted in Ms. Ward being accused by Mr. Hoopes of insubordination; although the defendant has claimed that these events did not influence Ms. Ward's termination, the defendant emphasized these events in its presentation to the Delaware Department of Labor in response to Ms. Ward's claims of discrimination.

15.     Ms. Ward believed that the accusation of insubordination was grossly unfair, and appealed to Sister Suzanne Donovan, first in a phone call and then with a letter, outlining the gender and religious discrimination which she had suffered.

16.     Shortly after sending to Sister Donovan the aforesaid letter in which her gender and religious discrimination claims were identified, Ms. Ward was terminated in a retaliatory fashion.

17.     Mr. Christian has suggested, in a letter to the Delaware Department of Labor, that the decision to terminate Ms. Ward had been made on August 31, 2006, a suggestion that does not square with ensuing events that indicate that no such decision had been made on that date; these circumstances further demonstrate the existence of a falsely-created pretext intended to disguise what is in fact gender and religious discrimination.

18.     Subsequent to her termination, Ms. Ward filed charges of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission, leading to receipt of the letter giving her the right to sue, attached hereto as Exhibit A.


## COUNT I

### Violation of the religious and gender bias and retaliation provisions of Title VII, 42 U.S.C. § 2000e-1 et seq.

19.     Paragraphs 1 to 18 are restated as if more fully set forth herein.

20.     The action of defendant Catholic Cemeteries, Inc. in terminating Ms. Ward was motivated by unlawful gender and religious discrimination and further was in retaliation for having raised her rights under Title VII, in violation of 42 U.S.C. § 2000e-1 et seq.

21.     Ms. Ward has suffered damages as a result of the actions of defendant Catholic Cemeteries, Inc. including lost salary and benefits, damage to her career and reputation, great mental anguish and embarrassment, and other losses.

## COUNT II

### Violation of Delaware Gender and Religious Discrimination statute and proscription against retaliation, 19 Del. C. § 711 et seq.

22.    Paragraphs 1-21 are restated as if more fully set forth herein.

23.    The action of defendant Catholic Cemeteries in terminating Ms. Ward was motivated by unlawful gender and religious discrimination and retaliatory motive, in violation of the State of Delaware statutory protections against age discrimination in employment, 19 Del. C. § 711 et seq.

24.    Ms. Ward has suffered damages as a result of the actions of Catholic Cemeteries, Inc., including lost salary and benefits, damage to her career and reputation, great mental anguish and embarrassment, and other losses.

## COUNT III

### Violation of the Delaware Common Law Covenant of Good Faith and Fair Dealing (Falsification of Reasons)

25.    Paragraphs 1 to 24 are restated as if more fully set forth herein.

26.    The defendant Catholic Cemeteries, Inc. has stated that Ms. Ward's termination was decided upon on or about August 31, 2006, based upon a loss of revenue at Gate of Heaven cemetery; these statements constitute a falsification of the true reasons for her termination, which

5

was based upon religious and gender bias and retaliatory motive, including the aforesaid events of September 15-18, 2006.

27.    The actions of defendant Catholic Cemeteries, Inc. constitute a violation of the Delaware common law Covenant of Good Faith and Fair Dealing.

28.    Ms. Ward has suffered damages as a result of the actions of Catholic Cemeteries, Inc., including lost salary and benefits, damage to her career and reputation, great mental anguish and embarrassment, and other losses.

**WHEREFORE,** plaintiff demands that judgment be entered in her favor against defendant on the above claims, including awards of compensatory damages, punitive damages, costs of suit, interest, attorneys' fees under any appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

PLAINTIFF PATRICIA WARD

By:    Herbert G. Feuerhake, Esq. #2590
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
herblaw@verizonmail.com
Attorney for Plaintiff

DATE: November 2, 2007

6

Exhibit A

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Patricia Ward<br>208 Woodlands Court<br>Dagsboro, DE 19939 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2007-00040 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Marie M. Tomasso,
District Director

**August 8, 2007**

*(Date Mailed)*

cc: **CATHOLIC CEMETERIES, INC.**
**Office Of Human Resources**
**1626 N. Union Street**
**Wilmington, DE 19806**

**Herbert G. Feuerhake, Esq.**
**Wilmington, DE 19801**

☜JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**07-691-**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Ward

**DEFENDANTS**
Catholic Cemeteries Inc.,

**(b)** County of Residence of First Listed Plaintiff   New Castle Cty.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (302) 652-6101
Herbert G. Feuerhake
521 West Street
Wilmington Delaware 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e-1

Brief description of cause: Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Money damages

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE 11/02/2007

SIGNATURE OF ATTORNEY OF RECORD
Herbert G. Feuerhake.

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 7 - 6 9 1

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____
11/2/07
(Date forms issued)

X _____
(Signature of Party or their Representative)

X  Herbert G. Feuerhake  Esq.  (Retains cord)
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action