IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICIA WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-691 SLR |
| | ) | |
| CATHOLIC CEMETERIES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Catholic Cemeteries, Inc., by and through its undersigned counsel, by way of answer to the Complaint of plaintiff Patricia Ward, states as follows:

1. Upon information and belief, admitted.

2. Admitted.

3. The allegations of this paragraph of the Complaint state a legal conclusion as to which no response is required.

4. Admitted that plaintiff Patricia Ward worked as an employee of Catholic Cemeteries, Inc. at the Gate of Heaven Cemetery from January, 2003 until September, 2006. Otherwise denied.

5. Upon information and belief, admitted that plaintiff Patricia Ward is non-Catholic. Otherwise denied.

6. Denied.

7. Denied.

8. Plaintiff's performance reviews speak for themselves, otherwise denied as stated.

9. The letter of Mr. Christian speaks for itself, otherwise denied as stated.

10. Denied.

11. Admitted that plaintiff Patricia Ward was not given a probationary period, otherwise, denied as stated.

12. Denied.

13. Admitted that a male gatekeeper was hired, otherwise denied.

14. Defendant's submissions to the Delaware Department of Labor speak for themselves. Admitted that plaintiff was informed that she was behaving in an insubordinate fashion by Mr. Hoopes. By way of further background, Plaintiff Patricia Ward behaved in an unprofessional and unacceptable manner regarding a dispute concerning the placement of a photograph at a gravesite in Gate of Heaven. Otherwise, denied as stated.

15. Admitted that plaintiff contacted Sister Suzanne Donovan. Her letter speaks for itself. Otherwise denied.

16. Admitted that plaintiff Patricia Ward was terminated, otherwise denied.

17. Defendant's submissions to the Delaware Department of Labor speak for themselves, otherwise denied.

18. Plaintiff's Charge of Discrimination speaks for itself. By way of further answer, the Delaware Department of Labor, after conducting a thorough investigation, found that no reasonable cause existed to believe that any discriminatory practices had occurred.

19. Defendant incorporates by reference the preceding answers as if fully set forth at length herein.

20. Denied

21. Denied.

22. Defendant incorporates by reference the preceding answers as if fully set forth at length herein.

23. Denied.

24. Denied.

25. Defendant incorporates by reference the preceding answers as if fully set forth at length herein.

26. Denied.

27. Denied.

28. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's actions were taken for legitimate business reasons that were non-discriminatory.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Michael P. Stafford, Esquire*
Anthony G. Flynn, Esquire (I.D. #74)
Michael P. Stafford, Esquire (I.D. #4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6553; (302) 571-6675
Facsimile: (302) 576-3345; (302) 576-3293
Email: aflynn@ycst.com; mstafford@ycst.com
Attorneys for Defendant

Dated: November 26, 2007