IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICIA WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-691 SLR |
| | ) | |
| CATHOLIC CEMETERIES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This _____ day of _____, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by **February 22, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a) Discovery will be needed on the following subjects:

**(i) Plaintiff's Statement:**

(A) All matters identified in Defendant's statement below;

(B) Defendant's personnel practices with regard to other similarly situated employees, and its personnel polices and practices in general;

(C) Timing and circumstances of all events leading up to the separation from employment of plaintiff;

(D) Evidence of discriminatory motives or proclivities on the part of Defendant's personnel;

(E) Evidence of sales history at Gate of Heaven Cemetery, which has been identified as a rationale for the separation from employment of plaintiff;

(F) Nature of plaintiff's job responsibilities, and the manner in which these responsibilities were handled in the period following plaintiff's departure; and

(G) Hiring conducted at Gate of Heaven Cemetery subsequent to plaintiff's separation from employment.

**(ii) Defendants' Statement.**

(A) Facts and circumstances surrounding Plaintiff's hiring, performance, position, and responsibilities;

(B) Facts and circumstances surrounding Plaintiff's knowledge of Defendant's employment policies;

(C) Facts and circumstances surrounding Plaintiff's alleged damages and failure to mitigate her damages;

(D) Facts and circumstances showing Defendants made a good faith effort to comply with applicable law, acted lawfully, and with legitimate, non-discriminatory business reasons that were not a pretext for discrimination;

(E) Facts and circumstances surrounding all disciplinary action taken against, or reprimands given to, the Plaintiff;

(F) Facts and circumstances concerning Plaintiff's educational and employment background;

(G) Facts and circumstances surrounding the allegations in the Complaint, Answer, and Affirmative Defenses, filed in this action;

(H) Facts and circumstances surrounding the decision to terminate Plaintiff's employment; and

(I) All subjects listed in Plaintiff's Statement above.

(b) All discovery shall be commenced in time to be completed by **July 31, 2008**.

(c) Maximum of 25 interrogatories by each party to any other party.

(d) Maximum of 25 requests for admission by each party to any other party.

(e) Maximum of 5 depositions by plaintiff and 5 by defendant.

(f) Each deposition other than of Plaintiff limited to a maximum of 7 hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **May 30, 2008**. Rebuttal expert reports due by **June 30, 2008**.

(h)    **Discovery Disputes**.  Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37.  During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.    **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**   All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before  **February 1, 2008**.

4.    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.    **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before **September 12, 2008**.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6.    **Applications by Motion**.  Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D.Del. LR 7.1.1.**

7.    **Motions in Limine**.  All motions <u>in limine</u> shall be filed on or before **[two weeks before pretrial conference]**.  All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

8.      **Pretrial Conference**.  A pretrial conference will be held on _____ at _____ _m. in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.      **Trial**. This matter is scheduled for a **[day/week]** bench/jury trial commencing on _____ in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge