IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-691 SLR |
| | ) |
| CATHOLIC CEMETERIES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS FOR FAILURE TO COOPERATE WITH DISCOVERY, OR, IN THE ALTERNATIVE TO COMPEL DISCOVERY**

Defendant, Catholic Cemeteries, Inc., by and through its undersigned counsel and pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint for failure to cooperate in discovery. In the alternative, Defendant requests an Order compelling Plaintiff to appear for her deposition and for an award of associated costs and expenses, including attorney's fees. In support of this Motion, Defendant represents as follows:

1. Plaintiff initiated the above captioned action against Defendant on November 2, 2007. (D.I. 1). This Court approved the parties' proposed Scheduling Order on January 15, 2008. (D.I. 8). Discovery began in March, 2008 and is scheduled to end July 31, 2008. (D.I. 8).

2. On May 6, 2008, Defendant noticed Plaintiff's deposition for June 6, 2008. (D.I. 15).

3. On June 3, 2008, Defendant re-noticed Plaintiff's deposition for June 24, 2008. (D.I. 16). As discussed in more detail in Defendant's Motion to Compel Responses to Discovery filed on Friday, July 25, 2008 (D.I. 21), the postponement of Plaintiff's deposition was due to Plaintiff's failure to respond to discovery requests.

4. On June 23, 2008, Defendant's counsel wrote Plaintiff's counsel indicating that the Plaintiff's deposition (scheduled for June 24, 2008) was postponed because of Plaintiff's failure to respond to outstanding discovery requests. (Ex. A).

5. Later in the afternoon of June 23, 2008, apparently unaware that Defendant had already postponed the Plaintiff's deposition, counsel for Plaintiff requested that the deposition be rescheduled due to counsel's personal circumstances. In addition, counsel further provided he would accommodate defendant's counsel's schedule in "re-setting a date for Ms. Ward's deposition." (Ex. B).

6. On July 11, 2008, Defendant re-noticed Plaintiff's deposition for July 28, 2008. (D.I. 18).

7. As a result of Plaintiff's failure to cooperate in discovery, Defendant, through counsel, filed a Motion to Compel Responses to Discovery on Friday, July 25, 2008. (D.I. 21).

8. At approximately 3:15 a.m. on the morning of July 28, 2008 (the day of the properly noticed deposition of Plaintiff), Defendant's counsel received an email from Plaintiff's counsel requesting that Defendant "suspend the deposition until we complete the discovery responses. I hope to complete them this week". (Ex. C).

9. By reply email to Plaintiff's counsel, Defendant's counsel advised that he would not suspend the Plaintiff's deposition. Defendant's counsel further noted: "Corresponding with opposing counsel at 3:15 in the morning on the day of a scheduled deposition, absent some sort of emergency circumstances, is absurd. I expect to see you, and your client, promptly at 9:30 this a.m. If you do not appear be advised that- in light of your pattern of non-cooperation in discovery- I will file a second Rule 37 motion seeking the Court's

assistance to (a) compel Ms. Ward to appear for her deposition, or alternatively, (b) the dismissal of this action, with prejudice. I will, of course, also seek fees/costs from you." (Ex. C).

10. On July 28, 2008, at approximately 10:00 a.m., after having waited one-half hour, Defendant's counsel proceeded with the deposition of Plaintiff and noted, for the record, Plaintiff's proper notice and failure to appear. (Ex. D).

11. Under Rule 30 of the Federal Rules of Civil Procedure, a plaintiff is required to appear for a properly noticed deposition unless the plaintiff files a Motion for a Protective Order. As noted above, and in the previous Motion to Compel Responses to Discovery (D.I. 21), Defendant repeatedly contacted Plaintiff's counsel in an effort to obtain discovery responses and schedule the Plaintiff's deposition in the instant matter. Plaintiff had more than sufficient notice that her deposition would be taken on July 28, 2008. Yet, she failed to appear for the deposition and did not file a protective order.

12. As evidenced by the supporting documentation and Defendant's Motion to Compel Responses to Discovery, Plaintiff's failure to appear for her deposition is part of a broader pattern of discovery abuse in the instant matter. In addition, the same pattern of behavior has also evidenced itself in the mediation process. As per the Court's Scheduling Order (D.I. 8), the instant matter was assigned to Magistrate Judge Stark for mediation. Paragraph 4 of the Order Governing Mediation Conferences and Mediation Statements, entered on February 1, 2008 (D.I. 10), provided that confidential mediation statements were due by July 8, 2008. Defendant submitted a timely confidential mediation statement on July 8, 2008. Plaintiff did not submit a confidential mediation statement. Having not received a confidential mediation statement from the Plaintiff, Magistrate Stark ordered a teleconference for July 18, 2008 at 10:00 a.m. to discuss the mediation conference which was scheduled to take place on July 22, 2008. (D.I. 19). Defendant's counsel was asked to initiate the call. Defendant's counsel, despite

several attempts, was unable to reach Plaintiff's counsel, and Plaintiff's counsel did not participate in the July 18, 2008 teleconference which cancelled the mediation conference for the instant matter.

13. Plaintiff's repeated failure to cooperate in discovery is inexcusable. The Court should dismiss her Complaint as a result of her willful failure to cooperate with discovery. *See Torres v. Amerada Hess Corp.*, 2007 U.S. App. LEXIS 17109 (3rd Cir. 2007). In the alternative, Plaintiff should be compelled to appear for her deposition when noticed by Defendant and Defendant should be awarded its reasonable attorney's fees and costs. *See Al Barnett & Sons, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35-36 (3rd Cir. 1979) (authorizing sanctions including dismissal of Plaintiff's claims for failing to appear for properly-noticed depositions).

WHEREFORE, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint for Failure to cooperate in discovery, or in the alternative, order Plaintiff to appear for her deposition and award Defendant its reasonable attorney's fees and costs incurred in connection with the preparation of this Motion.

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> */s/ Michael P. Stafford, Esquire*
> Anthony G. Flynn, Esquire (I.D. #74)
> Michael P. Stafford, Esquire (I.D. #4461)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> Telephone: (302) 571-6553; (302) 571-6675
> Facsimile: (302) 576-3345; (302) 576-3293
> Email: aflynn@ycst.com; mstafford@ycst.com
> Attorneys for Defendant

Dated: July 28, 2008

# EXHIBIT A

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | |
|---|---|---|---|
| BEN T. CASTLE | ROBERT S. BRADY | JOSEPH M. BARRY | EDWARD J. KOSMOWSKI |
| SHELDON N. SANDLER | JOEL A. WAITE | RYAN M. BARTLEY | EVANGELOS KOSTOULAS |
| RICHARD A. LEVINE | BRENT C. SHAFFER | SEAN M. BEACH | JOHN C. KUFFEL |
| RICHARD A. ZAPPA | DANIEL P. JOHNSON | SANJAY BHATNAGAR | TIMOTHY E. LENGKEEK |
| FREDERICK W. IOBST | CRAIG D. GREAR | DONALD J. BOWMAN, JR. | ANDREW A. LUNDGREN |
| RICHARD H. MORSE | TIMOTHY JAY HOUSEAL | MICHELE SHERRETTA BUDICAK | MATTHEW B. LUNN |
| DAVID C. MCBRIDE | MARTIN S. LESSNER | JEFFREY T. CASTELLANO | ADRIA B. MARTINELLI |
| JOSEPH M. NICHOLSON | PAULINE K. MORGAN | DOUGLAS T. COATS (MD ONLY) | KATHALEEN MCCORMICK |
| CRAIG A. KARSNITZ | C. BARR FLINN | KARA HAMMOND COYLE | MICHAEL W. MCDERMOTT |
| BARRY M. WILLOUGHBY | NATALIE WOLF | KRISTEN SALVATORE DEPALMA | TAMMY L. MERCER |
| ANTHONY G. FLYNN | LISA B. GOODMAN | MARGARET M. DIBIANCA | MARIBETH L. MINELLA |
| JEROME K. GROSSMAN | JOHN W. SHAW | MARY F. DUGAN | D. FON MUTTAMARA-WALKER |
| EUGENE A. DIPRINZIO | JAMES P. HUGHES, JR. | ERIN EDWARDS | MICHAEL S. NEIBURG |
| JAMES L. PATTON, JR. | EDWIN J. HARRON | KENNETH J. ENOS | (PA & NJ ONLY) |
| ROBERT L. THOMAS | MICHAEL R. NESTOR | KERRIANNE MARIE FAY | JENNIFER R. NOEL |
| WILLIAM D. JOHNSTON | MAUREEN D. LUKE | IAN S. FREDERICKS | ADAM W. POFF |
| TIMOTHY J. SNYDER | ROLIN P. BISSELL | JAMES J. GALLAGHER | ROBERT F. POPPITI, JR. |
| BRUCE L. SILVERSTEIN | SCOTT A. HOLT | WILLIAM E. GAMGORT | SARA BETH A. REYBURN |
| WILLIAM W. BOWSER | JOHN T. DORSEY | SEAN T. GREECHER | CHERYL A. SANTANIELLO |
| LARRY J. TARABICOS | M. BLAKE CLEARY | NATHAN D. GROW | MONTÉ T. SQUIRE |
| RICHARD A. DILIBERTO, JR | CHRISTIAN DOUGLAS WRIGHT | STEPHANIE L. HANSEN | MICHAEL P. STAFFORD |
| MELANIE K. SHARP | DANIELLE GIBBS | JAMES L. HIGGINS | RICHARD J. THOMAS |
| CASSANDRA F. ROBERTS | JOHN J. PASCHETTO | PATRICK A. JACKSON | TRAVIS N. TURNER |
| RICHARD J.A. POPPER | NORMAN M. POWELL | DAWN M. JONES | MARGARET B. WHITEMAN |
| TERESA A. CHEEK | ELENA C. NORMAN | KAREN E. KELLER | SHARON M. ZIEG |
| NEILLI MULLEN WALSH | EDMON L. MORTON | JENNIFER M. KINKUS | |
| JANET Z. CHARLTON | JOHN E. TRACEY | | SENIOR COUNSEL |
| | | SPECIAL COUNSEL | CURTIS J. CROWTHER |
| | | JOHN D. MCLAUGHLIN, JR. | |
| | | KAREN L. PASCALE | OF COUNSEL |
| | | SETH J. REIDENBERG | BRUCE M. STARGATT |
| | | PATRICIA A. WIDDOSS | STUART B. YOUNG |
| | | | EDWARD B. MAXWELL, 2ND |
| | | | JOSY W. INGERSOLL |

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6553
DIRECT FAX: (302) 576-3470
mstafford@ycst.com

June 23, 2008

**BY HAND DELIVERY**

Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE 19801

Re:     Ward v. Catholic Cemeteries, Inc.
        C.A. No: 07-691-SLR

Dear Herb:

On behalf of defendant Catholic Cemeteries, Inc., I write to follow up on discovery-related issues raised in my previous correspondence to you dated May 19, 2008 and June 3, 2008. As of this writing, I have not received a response from you to either of the aforementioned letters. Both letters informed you that we had not received responses to the interrogatories or requests for production of documents which we previously served on you. Since you have failed to respond to our requests, I have no alternative but to file a Motion to Compel. Given that you have failed to respond to our discovery requests, we will not proceed with plaintiff Patricia Ward's deposition tomorrow (June 24, 2008) as planned. We will re-notice Ms. Ward's deposition for a subsequent date/time after we have received responses to our discovery requests from you.

Sincerely,

Michael P. Stafford

MPS:mmcm

DB02:6914052.1                                                                                              059604.1019

# EXHIBIT B

The Law Office
of
# HERBERT G. FEUERHAKE

*A Professional Association*
521 WEST STREET
WILMINGTON, DE 19801
(302) 658-6101
E-Mail: herblaw@verizonmail.com

HERBERT G. FEUERHAKE, ESQ.                                                                                                                           FACSIMILE TRANSMISSION
MEMBER OF DE & CT BARS                                                                                                                             (302) 658-6105

BY FAX ONLY                                                             June 23, 2008

Michael Stafford, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West St. 17th Floor
Wilmington, Delaware 19801

Re: **Ward v. Catholic Cemeteries, No. 07-691-SLR**

Dear Michael:

     I would appreciate the rescheduling of tomorrow's deposition of Patricia Ward. I will be having laser surgery on my right eye, in an effort to correct an ongoing problem with a detached retina that I suffered last September.

     I expect to provide you with discovery responses soon, perhaps by Friday or early next week. I will accommodate your schedule in re-setting a date for Ms. Ward's deposition.

     Thank you for your consideration in this matter.

                                                   Very truly yours,

                                                   Herbert G. Feuerhake, Esq.

# EXHIBIT C

| | |
|---|---|
| **From:** | Stafford, Michael |
| **Sent:** | Monday, July 28, 2008 9:23 AM |
| **To:** | 'Herbert Feuerhake' |
| **Subject:** | RE: Pat Ward |
| **Importance:** | High |

Mr. Feuerhake, I am not willing to suspend Ms. Ward's deposition scheduled for this morning at YCST. As you are aware, the close of discovery in this case is Thursday, July 31st. Therefore, there is not enough time to reschedule Ms. Ward's deposition before the discovery cut-off. Also, I address this issue in my Motion to Compel. I have asked the Court to permit a continuance of her deposition (beyond the close of discovery) to address any issues that may arise from your production/interrogatory responses. I must also note that, despite the fact that the deposition was properly noticed on July 11th, you neglected to correspond with me, at all, about rescheduling or postponing it until the email below which was apparently sent at 3:15 this very morning. Corresponding with opposing counsel at 3:15 in the morning on the day of a scheduled deposition, absent some sort of emergency circumstances, is absurd. I expect to see you, and your client, promptly at 9:30 this a.m. If you do not appear be advised that- in light of your pattern of of non-cooperation in discovery- I will file a second Rule 37 motion seeking the Court's assistance to (a) compel Ms. Ward to appear for her deposition, or alternatively, (b) the dismissal of this action, with prejudice. I will, of course, also seek fees/costs from you.

**REDACTED**

Michael P Stafford
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-6553
Facsimile: 302-576-3470
mstafford@ycst.com

---

From: Herbert Feuerhake [mailto:herblaw@verizonmail.com]
Sent: Monday, July 28, 2008 3:15 AM
To: Stafford, Michael
Subject: Pat Ward

Mike:

In view of the pending motion and the need to get discovery done before a meaningful deposition of Ms. Ward, I think that we should suspend the deposition until we complete the discovery responses. I hope to complete them this week.

7/28/2008

Thank you,

Herb Feuerhake

--

# EXHIBIT D



**WILCOX & FETZER LTD.**

In The Matter Of:

# Ward v. Catholic Cemeteries, Inc.

Ward, Patricia

C.A. # 07-691 SLR

July 28, 2008

Wilcox & Fetzer, Ltd.
Phone: 302-655-0477
Fax: 302-655-0497
Email: depos@wilfet.com
Internet: www.wilfet.com

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PATRICIA WARD,                        )
                                      )
        Plaintiff,                    )
                                      )  Civil Action
v.                                    )  No. 07-691 SLR
                                      )
CATHOLIC CEMETERIES, INC.,            )
                                      )
        Defendant.                    )

        Statement for the record pursuant to
notice at the law offices of Young, Conaway,
Stargatt & Taylor, LLP, 1000 West Street,
Wilmington, Delaware, beginning at 10:00 a.m., on
Monday, July 28, 2008, before Vincent J. Bailey,
Registered Professional Reporter and Notary
Public.

APPEARANCES:

    MICHAEL P. STAFFORD, ESQ.
    YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
       1000 West Street, 17th Floor
       Wilmington, Delaware  19899
      For the Defendant

                WILCOX & FETZER
1330 King Street -  Wilmington, Delaware 19801
                (302) 655-0477
                www.wilfet.com

Page 2

1         (Deposition Exhibit Nos. 1 and 2
2    marked for identification.)
3
4         MR. STAFFORD:  We are here this
5    morning for the deposition of Patricia Ward in
6    the matter of a Patricia Ward versus Catholic
7    Cemeteries, Inc.
8         Defendant's Exhibit 1 has already
9    been marked.  Exhibit 1 is a renotice of
10   deposition for Ms. Ward.  The notice of
11   deposition was filed on July 11, 2008.  Notice
12   clearly indicates that the deposition will be
13   taken here at the offices of Young, Conaway,
14   Stargatt & Taylor, on Monday, July 28, 2008,
15   commencing at 9:30 a.m.
16        We have also marked as Defendant's
17   Exhibit 2 an e-mail that I received from Herb
18   Feuerhake, the plaintiff's counsel, at 3:15 in
19   the morning, today, Monday, July 28th.
20   Essentially in the e-mail Mr. Feuerhake requests
21   that the deposition be suspended until he
22   provides his delinquent discovery responses.
23        I wrote back to Mr. Feuerhake shortly
24   after 9:00 this morning after reading his e-mail

1   and indicated to him that we intended to proceed
2   with Ms. Ward's deposition today at 9:30. I also
3   noted that this issue had been discussed in our
4   pending motion to compel and that we had not
5   agreed to suspend or postpone this deposition.
6              I also indicated to Mr. Feuerhake
7   that if he and his client did not appear, we were
8   going to seek the Court's assistance to compel
9   their appearance by filing a second Rule 37
10  motion.
11             It is now shortly after 10:00 a.m.
12  Neither Mr. Feuerhake or Ms. Ward have appeared
13  for this deposition and, therefore, we are going
14  to bring it to a conclusion and move forward with
15  our motion to compel.
16             (The statement concluded at
17  10:02 a.m.)
18
19
20
21
22
23
24

```
                                                              Page 4
 1                      I N D E X

 2
                      E X H I B I T S
 3
     DEPOSITION EXHIBITS                          MARKED
 4
      1 and 2                                        2
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

Page 5

1   State of Delaware    )
                         )
2   County of New Castle )

3

4

5                C E R T I F I C A T E

6       I, Vincent Bailey, Registered Professional

7   Reporter, do hereby certify that the foregoing

8   record, pages 2 to 5 inclusive, is a true and

9   accurate transcript of my stenographic notes

10  taken on Monday, July 28, 2008, in the

11  above-captioned matter.

12      IN WITNESS WHEREOF, I have hereunto set my

13  hand and seal this    28th    day of July, 2008,

14  at Wilmington.

15

16

17                    *Vincent Bailey signature*

18

19             Vincent Bailey

20             Certification No. 171-RPR

21             (Expires January 31, 2011)

22

23

24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-691 SLR |
| | ) |
| CATHOLIC CEMETERIES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**STATEMENT OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1.1**

Counsel for Defendant Catholic Cemeteries, Inc. hereby certifies that pursuant to Local Rule 7.1.1, I have conferred with counsel for the Plaintiff in a good faith effort to resolve this discovery dispute set forth in the foregoing Motion.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Michael P. Stafford, Esquire*
Anthony G. Flynn, Esquire (I.D. #74)
Michael P. Stafford, Esquire (I.D. #4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6553; (302) 571-6675
Facsimile: (302) 576-3345; (302) 576-3293
Email: aflynn@ycst.com; mstafford@ycst.com
Attorneys for Defendant

Dated: July 28, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-691 SLR |
| | ) |
| CATHOLIC CEMETERIES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

ORDER

NOW, THEREFORE, having considered the above-captioned Defendant's Motion to Dismiss for Failure to Cooperate with Discovery, IT IS NOW HEREBY ORDERED this ____ day of _____ 2008, as follows: Defendant's Motion to Dismiss for Failure to Cooperate with Discovery is GRANTED.

_____
Sue L. Robinson, United States District Judge