IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-691 SLR |
| ) | |
| CATHOLIC CEMETERIES, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY

On Friday, July 25, 2008, Defendant, Catholic Cemeteries, Inc., by and through its undersigned counsel, filed a Motion to Compel Responses to Discovery. (D.I. 21). Subsequently, on July 28, 2008, after Plaintiff failed to appear for her properly noticed deposition, Defendant filed a second Motion to Dismiss for Failure to Cooperate with Discovery or, in the Alternative, to Compel Discovery. (D.I. 22 (hereinafter, collectively, "the Motions")). For purposes of brevity and clarity, Defendant will address the relief sought in both of the Motions in this Reply Memorandum.

Pursuant to Local Rule 7.1.2(b), responses to the Motions were due on August 11, 2008, and August 14, 2008, respectively. To date, however, Plaintiff has failed to file any responsive pleadings with the Court. Pursuant to Local Rule 1.3, Plaintiff's failure to comply with the Rules relating to motions should result in the determination of the Motions in Defendant's favor. In addition, Plaintiff has also failed to provide any responses to Defendant's First Request for Production of Documents Directed to Plaintiff, First Set of Interrogatories Directed to Plaintiff, or its Supplemental Request for Production of Documents Directed to Plaintiff. Indeed, since the email of 3:15 a.m. on July 28, 2008 (D.I. 22, at Ex. C), Defendant's

1

counsel has received no further communication from Plaintiff's counsel.[1]

Plaintiff's failure to file any responsive pleadings, or to provide her discovery responses during the interim period since the Motions were filed, must be viewed against a backdrop of repeated failures to cooperate in discovery, to communicate with opposing counsel, or to comply with deadlines set forth in various Orders, throughout the pendency of the instant matter. These failures and omissions are set forth in detail in the Motions, and will not be repeated here. Suffice it to say, Defendant has been hindered, prejudiced, and forced to incur excessive unnecessary expenses by Plaintiff's pattern of neglect and non-cooperation. Inexplicably, Plaintiff persists in her pattern of non-cooperation in discovery in the instant matter despite the filing of the Motions.

Plaintiff's repeated failure to cooperate in discovery is inexcusable. The Court should dismiss her Complaint as a result of her willful failure to cooperate with discovery. *See Torres v. Amerada Hess Corp.*, 2007 U.S. App. LEXIS 17109 (3rd Cir. July 17, 2007). As in *Torres*, the Plaintiff has repeatedly failed to fulfill her discovery obligations and has ignored numerous deadlines. In light of this pattern of inexcusable misconduct, dismissal is an appropriate, and indeed, a necessary sanction.[2] In the alternative, Plaintiff should be compelled to respond to the outstanding discovery requests and appear for her deposition when noticed by Defendant. Further, Defendant should be awarded its reasonable attorney's fees and costs with

---

[1] In his email of July 28, 2008, Plaintiff's counsel indicated that he "hoped" to have his discovery responses completed "this week." Of course, as noted above, Plaintiff's counsel has still not responded to any of the outstanding discovery requests. Nor has he given any further indication of when such responses can be expected.

[2] In addition to Fed. R. Civ. P. 37(d), a court may dismiss an action pursuant to Fed. R. Civ. P. 41(b) "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Here, the Plaintiff has failed to comply with the Rules governing discovery. Plaintiff has also failed to comply with Orders of the Court. Finally, Plaintiff has failed to prosecute this action. Specifically, Plaintiff has failed to conduct any discovery whatsoever, serving no interrogatories, no requests for production, and taking no depositions. Dismissal pursuant to Rule 41(b) is therefore warranted.

respect to both of the Motions. *See Al Barnett & Sons, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35-36 (3rd Cir. 1979) (authorizing sanctions including dismissal of Plaintiff's claims for failing to appear for properly-noticed depositions).

Finally, Defendant must also note that, should the Court elect not to dismiss the present action, an amendment of the current Scheduling Order (D.I. 8) will be necessary. Presently, case dispositive motions in the instant matter are due by September 12, 2008. Defendant respectfully submits that the present date for the submission of case dispositive motions must be modified due to Plaintiff's lack of cooperation in discovery.

WHEREFORE, Defendant respectfully requests that the Court grant the Motions and enter an Order dismissing Plaintiff's Complaint, with prejudice, for failure to cooperate in discovery,[3] and awarding Defendant its reasonable attorney's fees and costs incurred in connection with the preparation of the Motions or, in the alternative, enter an Order compelling the Plaintiff to (a) respond to Defendant's First Request for Production of Documents Directed to Plaintiff, First Set of Interrogatories Directed to Plaintiff, and its Supplemental Request for Production of Documents Directed to Plaintiff, within ten (10) days of the entry of the Order, (b) to appear for a deposition at a date, time, and location to be determined by the Defendant, and (c) awarding Defendant its reasonable attorney's fees and costs incurred in connection with the preparation of the Motions. Defendant further respectfully requests that the foregoing Order

---

[3] Pursuant to both Fed. R. Civ. P. 37(d) and/or 41(b).

specify that non-compliance will result in the dismissal, with prejudice, of the instant matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Michael P. Stafford, Esquire*
Anthony G. Flynn, Esquire (I.D. #74)
Michael P. Stafford, Esquire (I.D. #4461)
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6553; (302) 571-6675
Facsimile: (302) 576-3345; (302) 576-3293
Email: aflynn@ycst.com; mstafford@ycst.com
Attorneys for Defendant

Dated: August 22, 2008